# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LEAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMUNITY HOSPITAL OF FRESNO,<br>　　　　　Defendant. | CASE NO. 1:19-cv-01266-AWI-SKO<br><br>**FIRST SCREENING ORDER**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

## I.　　INTRODUCTION

**A.　　Background**

Plaintiff, Jose Leal, is a prisoner in the custody of Kings County Jail. On September 11, 2019, Plaintiff, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Doc. 1 ("Compl.").) in which he seeks to proceed on a claim based on the removal of his infant daughter from his custody. (Doc. 1 ("Compl.").) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on September 16, 2019. (Docs. 2 & 3.)

Plaintiff's Complaint is now before the Court for screening. As discussed below, Plaintiff's allegations are conclusory and fail to plead that the defendant acted under color of state law under Section 1983. Plaintiff is granted leave to file a first amended complaint and is provided the pleading requirements and legal standards under which his claims will be analyzed.

///

1 **B.     Screening Requirement and Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**C.     Summary of the Complaint**

Plaintiff alleges that his and his girlfriend's "healthy baby girl was takeing [sic] from" them for their "past record." (Compl. at 3.) He asserts that the baby "was born with no drugs in her system" but his girlfriend "was not allowed to breastfeed do [sic] to our past record of drug use." (*Id.*) Plaintiff uses the Court's prisoner civil rights complaint form that is reserved for 42 U.S.C. § 1983 actions and indicates that his claim is asserted under "Amendment V." (*Id.*) He seeks "justice and any money or relief that [the] jury seem[s] fit to give." (*Id.* at 4.)

For the reasons discussed below, Plaintiff has not stated any cognizable claims, but may be able to amend to correct the deficiencies in his pleading. Thus, the Court provides the pleading and legal standards for the claims on which Plaintiff is attempting to proceed and leave to file a first amended complaint.

///

**D. Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of his complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

**2. Section 1983**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). It states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

## II. DISCUSSION

It appears Plaintiff is asserting a potential due process claim emanating from the removal of Plaintiff's daughter from his custody. If so, the Fourteenth—not the Fifth—Amendment to the United States Constitution applies to his claim.[1] Nevertheless, Plaintiff would have no cause of action if the proper procedures were followed regarding the removal of his daughter. Parents have a constitutionally protected liberty interest in the care and custody of their children. *Santosky v. Kramer*, 455 U.S. 745, 753(1982). But a parent can only "state a cause of action under [Section] 1983 when [he] alleges that the state terminated [his] parent-child relationship without due process of law." *Smoot v. City of Placentia*, 950 F. Supp. 282, 283 (C.D. Cal. 1997). "It is clear that a parent has a constitutionally protected interest in the custody and care of his or her children. However, it is also clear that this interest is not absolute. In an emergency situation, a state agency may remove children from their parents' custody when the children are subject to immediate or

---

[1] The Due Process Clause of the Fifth Amendment applies only to the federal government, not to state actors. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).

4

apparent danger or harm." *Caldwell v. LeFaver*, 928 F.2d 331,333 (9th Cir. 1991)(internal citations omitted). Plaintiff must be specific regarding how his due process rights were violated. The mere fact that his daughter was removed from his custody is insufficient grounds to state a federal cause of action. He can only state a due process claim if the defendant bypassed or failed to follow the proper state court procedures to remove his daughter.

Plaintiff's Complaint also fails plausibly to allege that the defendant, Community Hospital of Fresno, acted under color of state law—an essential element to the maintenance of a Section 1983 claim. Private individuals and entities not affiliated with a state or municipal government generally do not act "under color of state law." *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action."); *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). While such private parties may a cause a deprivation of a constitutional right, they are not subject to Section 1983 liability unless (1) they acted under color of law, and (2) their conduct was properly attributable to the government. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Associates & Aldrich Co. v. Times Mirror Co.*, 440 F.2d 133, 134–36 (9th Cir. 1971) (violations of certain constitutional rights actionable under federal law only when accomplished by one who is clothed with authority of state and purporting to act thereunder) (citations and internal quotations omitted); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936–37 (1982) (private corporation does not act under color of law unless its actions are fairly attributable to the government).

The actions of a private individual or entity may properly be attributed to the government for purposes of Section 1983 if at the time of an alleged constitutional violation (1) the private actor was performing a public function; (2) the private actor was engaged in joint activity with the government; (3) the private party acted under governmental compulsion or coercion; or (4) there was a sufficient nexus between the government and the private actor. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (recognizing "at least four . . . tests" for determining whether private conduct amounts to state action) (citations and quotation marks omitted). Plaintiff has the burden to establish state action under one of the foregoing tests. *Florer*, 639 F.3d at 922; *see also Kirtley*,

326 F.3d at 1092 ("Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists.").

Even when a private entity, such as Community Hospital of Fresno, acts "under color of state law," it cannot be held liable under Section 1983 unless the entity itself caused the plaintiff's injuries—*i.e.*, the alleged wrongdoing was committed pursuant to "a policy, decision, or custom promulgated or endorsed by the private entity." *White v. Golden State Eye Ctr.*, No. CV 1–04–06645–JMR, 2009 WL 817937, *3 (E.D. Cal. Mar. 26, 2009); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) ("a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies"—*i.e.*, "a policy, custom or action by those who represent [the private entity's] official policy that inflicts injury actionable under § 1983") (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 694 (1978)). Nor can Section 1983 liability against a private entity be based solely on respondeat superior, *i.e.*, vicarious liability for the acts or omissions of the entity's employees. *White*, 2009 WL 817937 at *3; *Warwick v. Univ. of the Pacific*, No. C 08-03904 CW, 2010 WL 2680817, *8 n.11 (N.D. Cal. July 6, 2010) (citing cases)). A private employer is liable only "when the employer is the driving force behind the constitutional violations alleged against its employees, who are operating as state actors." *Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006).

Here, Plaintiff does not allege facts which suggest that Community Hospital of Fresno maintained a policy, decision, or custom that violated Plaintiff's constitutional rights, much less one that may properly be attributed to the government for purposes of Section 1983. Nor does the Complaint plausibly allege that the defendant was the "driving force" behind any constitutional violation committed while one of its employees was "operating as [a] state actor[]." *See Stanley*, 475 F. Supp. 2d at 1038; *White*, 2009 WL 817937 at *3; *see also Taylor*, 880 F.2d at 1045 ("There is no respondeat superior liability under section 1983.").

### III.     CONCLUSION AND ORDER

The Court finds Plaintiff has failed to state a plausible claim for relief against any person subject to suit pursuant to 42 U.S.C. § 1983. Therefore, his complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii). *See Lopez*, 203 F.3d at 1126–27; *Woldmskel*

6

1 *v. Keg N Bottle Liquor Store*, No. 15-CV-2469 WQH, 2016 WL 245850, at *3 (S.D. Cal. Jan. 21, 2016) (dismissing section 1983 claims sua sponte against defendants not alleged to have acted under color of state law pursuant to 28 U.S.C. § 1915(e)(2)).

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez*, 203 F.3d at 1130. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. Within twenty-one (21) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal.

**If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **September 23, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

7